J-A08023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| A.H. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| F.W., II | : | |
| | : | |
| Appellant | : | No. 1181 WDA 2021 |

Appeal from the Order Entered September 9, 2021
In the Court of Common Pleas of Venango County Civil Division at No(s):
CIV No. 237-2014

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McCAFFERY, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED:  July 11, 2022**

F.W., II (Father) appeals *pro se* from the orders, entered in the Court of Common Pleas of Venango County, dated August 23, 2021, and September 9, 2021.[1]  After careful review, we quash, in part, and affirm, in part.

Father and A.H. (Mother), have one child together, L.W. (born July 2021) (Child).  Father is incarcerated at SCI-Forest, where he is currently serving a term of imprisonment of 14-30 years for two counts of aggravated indecent assault.

On March 10, 2014, Mother filed a custody complaint against Father. On October 26, 2017, the court entered, as an order, a Custody Conciliator's

---

[1] Mother has not filed a brief on appeal.  Guardian *ad litem* for Child submitted a letter to this Court indicating that she will not be filing a brief in the instant appeal, but "respectfully submits that the orders issued by the [trial] court are sufficiently supported by the transcript of the proceeding in the [trial] court, and [that] the orders appealed should be affirmed."  Letter from Virginia G. Sharp, Esquire, 1/20/22.

Final Report and Recommendation, granting Mother legal and primary physical custody of Child and requiring Mother to take Child to see Father in prison "at least once per month," provided Father arranges gas money through his family for Child's transportation to the visits. Custody Conciliator Recommendation, 10/24/17, at 2; *see* Order of Court, 10/26/17 (order of court adopting conciliator's report and recommendation).

Throughout the life of this custody case, Father has filed successive petitions for contempt against Mother, alleging that she has repeatedly violated the parties' October 2017 custody arrangement by failing to take Child to visit him in prison monthly and failing to ensure Child maintained contact with him through the mail and over the telephone. On September 6, 2019, the trial court found Mother in contempt for "willfully and deliberately violat[ing] the [parties'] operative [October 26, 2017] custody [o]rder[,]" ordered that Mother "take [C]hild to see [Father] at least once per month provided that [Father] arranges money for gas through his family," Order, 9/6/19, and fined her $200.00. *See* 23 Pa.C.S.A. § 5323(g).

On June 15, 2021, Father filed a "Praecipe for Pre[-]Trial Conference" letter. On August 23, 2021, the court held a pre-hearing conference, before the Honorable Paul H. Millin. At the hearing, Father expressed his concern that Mother's living situation was not stable for Child, that Mother's boyfriends

were volatile,[2] and that Father is unable to monitor Child's environment to ensure his safety where Mother constantly moves and changes her contact information. *See* N.T. Pre-Hearing Conference, 8/23/21, at 5-6. The court suggested that Father have video conference calls with Child "[a]s long as personal things aren't brought up in conversations [and that] he not be grilled about [M]other[.]" *Id.* at 9. Child's counsel did not object to the court's suggestion. Ultimately, Mother and Father agreed that Child and Father would resume twice weekly phone contact, via video conferencing, beginning in September. The court concluded the conference by stating,

> Thank you. Then I'm going to say that we've – **this order by agreement will settle the matter between the parties for the time being anyway.** Custody is a continuing matter, if you have problems you can always come back to the [c]ourt. If you have something where something is putting [C]hild at risk[,] you need to reach out to an agency that has the ability to act quickly and do something about it. Child custody court is no place to do that. This is - - you might wait - - I have no idea how long you're going to have to wait for a hearing or you would've had to wait for a hearing on this if we were unable to settle it. But if we can settle it[,] then that's good because it'll take quite a [] while to get a hearing.

*Id.* at 19 (emphasis added).[3]

---

[2] At the beginning of the hearing Father expressed his concern that Child was in danger if he remained in Mother's care. Mother has had several boyfriends over the years, several of whom have criminal records. N.T. Pre-Hearing Conference, 8/23/21, at 6.

[3] The trial court orally placed the following order on the record:

On September 2, 2021, Father filed a "Pre-Trial Statement" and a

"Praecipe for Pre-Trial Conference," maintaining that Mother has "consistently

_____

> All right. You listen while I dictate the order and make sure I get it right.
>
> And now this 23rd day of August 2021, this matter came before the [c]ourt for a pre-hearing conference on the child custody matter. [M]other appeared without counsel, [F]ather appeared without counsel via telephone from the State Correctional Institution in Forest County, Pennsylvania[.] Virginia Sharp, Esquire, attorney for [C]hild also appeared. [F]ather prepared a pre[-]trial statement, [M]other had not.
>
> After discussing the matter further as to what [F]ather wanted, he talked about regular visits with [C]hild at the prison. When informed that the [c]ourt would not order [M]other to transport the child to the prison[,] he amended his request to video-conference periodically and telephone calls on a regular basis. He stated that he could have two calls per week lasting no more than 15 minutes. [M]other agreed that she would make [C]hild available for two calls per week as long as they were after 5:00 p.m. and during Monday through Friday without any calls on the weekend[,] and the calls would not begin until September. As far as the video-conference is concerned, [M]other said she would need help in setting up the video-conference and [F]ather offered help from S[.]S[.,] who[m F]ather said would be in touch with [M]other to set up a time for establishing the videoconference. If video-conference is established, [M]other shall contact [F]ather and let him know what it is and how to initiate a video-conference call with [Child], which will also be limited to 15 minutes and will take [the] place of the phone visits.
>
> The Court notes [M]other is now residing with [C]hild in Erie County, Pennsylvania[,] and [F]ather is now residing at State Correctional Institution in Forest County, Pennsylvania.
>
> **The parties agreed to cancel the current proposed hearing**[,] **as they have resolved the issues** [**F**]**ather had in question**.

*Id.* at 20-21 (emphasis added).

violated the [parties' custody] order . . . [by] illegally relocat[ing C]hild outside Venango County and this Commonwealth multiple times. [Mother] has placed [C]hild in danger, failed to protect [C]hild from abuse by her previous paramours while continuing to refuse to protect [C]hild from her abusive ex-paramour, and has maintained an unstable transient household that is detrimental to [C]hild's well[]being." Petitioner's Pre-Trial Statement, 9/2/21, at 1. In his petition, Father alleges that on August 23, 2021, "the parties reached a **tentative** agreement . . . [and that the court's August 23, 2021] order does not reflect the agreement that the parties[] reached and [that it] is statutorily infirm." ***Id.*** (emphasis added). In response to Father's statement, the court entered the following order:

> The [c]ourt held a pre-trial conference on August 23, 2021. At that time, I asked [Father] what sort of relief he was seeking. He stated that he wanted in-prison visits with [Child] and telephone calls with [Child]. I told him that I would not order [M]other to transport [C]hild to the prison due to her economic situation and lack of vehicle[,] but if he could provide the transportation that it might be feasible. He stated that he could not help with transportation. He asked about video calls and [M]other agreed to video calls if someone could show her how to do it, which was then set forth in an order dated August 23, 2021. That case is now closed by agreement of the parties. If [F]ather wants to pursue additional matters concerning [C]hild, [F]ather must file a petition setting forth the matters he wants the [c]ourt to address.
>
> [F]ather's Praecipe for Pre-Trial Conference and Pre-Hearing Statement are stricken from the record.

Order of Court, 9/9/21.

On September 30, 2021, Father filed a notice of appeal from the court's August 23, 2021 and September 9, 2021 orders. Father also filed a court-

ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On appeal, Father raises the following issue for our consideration" "Whether the [trial] court erred when it closed the case in a custody matter, thereby denying [Father] any opportunity to litigate his issues, in violation of [his] due process [rights]." Appellant's Brief, at 2.

We first note that Father's appeal from the trial court's August 23, 2021 order is untimely. **See** Pa.R.A.P. 903 (notice of appeal shall be filed within 30 days after entry of order from which appeal taken). We, therefore, quash the appeal from that order.

Moreover, Father's appeal from the court's September 9, 2021, order is meritless as the parties agreed, on August 23, 2021, that they "settle[ed] the matter between the[m] for the time being," and that Father "resolved the issues [he] had in question." N.T. Pre-Trial Conference, 8/23/21, at 19, 21. Thus, contrary to Father's contention, the August 2021 agreement was not "tentative." Moreover, the issues Father now attempts to re-raise in his most recent statement and praecipe—video conference visits and telephonic contact with Child—are the same concerns he raised at the August 2021 conference. **See id.** at 3, 7, 11, 16 19-21. As the trial judge aptly noted, if Father has concerns relating to Child in this custody matter, other than those disposed of at the August 23, 2021 conference, he may file a petition with the court raising such issues. **See** 23 Pa.C.S.A. §§ 5328 (under Custody Act, upon petition, trial court may modify custody order if it serves best interests of child).

Appeal quashed as to order dated August 23, 2021. Order dated September 9, 2021, affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/11/2022